# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00248-CV

**Jose A. Soliz, Appellant**

**v.**

**Home Depot, USA, Inc., Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
## NO. 15-0400-C26, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jose Soliz appeals a final judgment of the district court that dismissed, for want of jurisdiction, a suit he had filed against appellee Home Depot USA, Inc.[1]  We will affirm the judgment.

The gist of Soliz's suit is that Home Depot acted negligently in failing to require proof of identification from a third party who had fraudulently used Soliz's credit card number to make a fifty-dollar purchase at a Home Depot store.  Although Soliz filed with his petition a letter from his credit-card company indicating that the fifty-dollar purchase was never charged to his account, he sought five million dollars in damages for "mental anguish" he claims to have

---

[1]  Soliz has acted pro se both below and on appeal.  We are bound to apply the same substantive and procedural standards to him as we do with litigants represented by counsel, lest we afford him an unfair advantage merely because he is pro se.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

experienced during a period in which his account was allegedly "frozen," plus exemplary damages, pre- and post-judgment interest, attorney's fees, and court costs. Home Depot filed a general denial and moved to dismiss Soliz's suit for failure to satisfy the $500 minimum amount in controversy required to invoke the district court's subject-matter jurisdiction.[2] Home Depot argued that its liability would be statutorily limited to fifty dollars[3] and that Soliz could not, in any event, recover mental-anguish damages under the circumstances here.[4] Following a hearing on Home Depot's motion,[5] the district court signed a final judgment order granting the motion and dismissing Soliz's case for want of jurisdiction.

Soliz attempted to perfect an appeal by filing a "Justice Court Appeal Bond." This Court responded with a letter to Soliz advising that he should file, by a specified deadline, an amended notice of appeal that complies with Rule 25.1 of the Rules of Appellate Procedure.[6] Our

---

[2] *See* Tex. Gov't Code § 24.007.

[3] *See* 15 U.S.C. §§ 1643, 1693g.

[4] Namely, Home Depot contended that Soliz's "claims are purely economic, [he] was not physically injured, no special relationship existed between [Soliz] and [Home Depot], and this is not a bystander claim." *See, e.g.*, *City of Tyler v. Likes*, 962 S.W.2d 489, 496 (Tex. 1997) ("Without intent or malice on the defendant's part, serious bodily injury to the plaintiff, or a special relationship between the two parties, we permit recovery for mental anguish in only a few types of cases involving injuries of such a shocking and disturbing nature that mental anguish is a highly foreseeable result. These include suits for wrongful death, . . . and actions by bystanders for a close family member's serious injury." (citations omitted)).

[5] No additional evidence was presented at the hearing.

[6] *See* Tex. R. App. P. 25.1.

letter informed Soliz that his failure to comply "may result in dismissal for want of jurisdiction."[7]

Soliz did not file an amended notice of appeal, and that failure would permit us to dismiss his appeal

and leave the district court's judgment undisturbed.[8]

Regardless, Soliz does not present any argument on appeal that would demonstrate

reversible error. His only argument that is conceivably material to the grounds for dismissal is a

contention that his alleged damages are "reasonable."[9] Yet Soliz does not engage the controlling

issues—why his alleged mental-anguish damages would be recoverable under Texas law or how his

damages actually recoverable (if any) would satisfy the $500 jurisdictional minimum for Texas

district courts. Nor does Soliz cite to any authorities other than a list of cases that he perceives to

relate to the issue of venue, which is not contested here. Soliz has failed to demonstrate any

reversible error in the district court's judgment.[10]

---

[7] Our records further reflect that following a subsequent phone call from Soliz, our Clerk sent Soliz an e-mail forwarding "the request for amended notice of appeal that he said he never received."

[8] *See id.* R. 42.3(a), (c) (authorizing court to dismiss appeal or affirm appealed judgment on its own initiative, after ten days' notice to all parties, if the appeal is subject to dismissal for want of jurisdiction, or "because the appellant has failed to comply with . . . a notice from the clerk requiring a response or other action within a specified time").

[9] We understand Soliz's brief as asserting three arguments: (i) his suit correctly identified Home Depot as a party, (ii) venue and jurisdiction were proper in Williamson County, and (iii) the damages he sought were "reasonable."

[10] *See also* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to conclude that issues are waived due to inadequate briefing and is not required to allow appellant opportunity to amend inadequate brief); *Ware v. Estate of Simpson*, No. 03-14-00083-CV*, 2015 Tex. App. LEXIS 12840, at \*18 (Tex. App.—Austin Dec. 22, 2015, no pet.) (mem. op.) ("Bare assertions of error, without argument or authority, waive error." (citation omitted)).

3

We affirm the judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   July 19, 2017